Dear Representative Pratt:
You have requested an opinion from this office on whether or not L.S.A. R.S. 15:587.1 applies to volunteer speakers at a youth program in New Orleans. The facts provided in your request indicate that the program entitled "Project Chance" is one designed to build self esteem and provide positive role models for young men. The program is funded by the Department of Social Services.
The statute in question provides in pertinent part as follows:
R.S. 15:587.1 Provision of information to protect children
 A. As provided in R.S. 15:825.3, R.S. 17:15, and R.S. 46:51.2, any employer or others responsible for the actions of one or more persons who have been given or have applied to be considered for a position of supervisory or disciplinary authority over children shall request in writing that the bureau supply information to ascertain whether that person or persons has been convicted of, or pled nolo contendere to, any one or more of the crimes listed in Subsection C. The request must be on a form prepared by the bureau and signed by a responsible officer or official of the organization making the request. It must include a statement signed by the person about whom the request is made which gives his permission for such information to be released.
Your question is: are the volunteers, who speak in many instances on a one time basis, covered by the provisions of this statute. You further state that these people are professionals, elected officials, businessmen and businesswomen.
For the following reasons, it is the opinion of this office that the statute in question does not cover these people or this situation. The operative language in R.S. 15:587.1 is,
 "persons who have been given or have applied to be considered for a position of supervisory or disciplinary authority over children shall request. . . ."
The statute is designed to supply criminal record information on the above defined persons. The persons described in your opinion request are more properly described as guest speakers or lecturers and are not, in our opinion, persons with "supervisory or disciplinary authority over children" and are therefore not covered by the statute.
One of the statutes referred to in R.S. 15:587.1, i.e. R.S.46:51.2 contains a section appearing to cover volunteers, namely, R.S. 46:51.2 E(3), however, this statute also has the qualifying phrase found in R.S. 15:587.1 which is,
 "This information may be requested only about a person who has, or has applied or volunteered for a position in the organization which includes supervisory or disciplinary authority over children."
The guest speakers or lecturers described in your request simply do not meet this requirement as they have no supervisory or disciplinary authority over children, therefore they are not covered by the statute.
Trusting the above is helpful to your inquiry, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr